UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD PALMEDO** | } |
| Plaintiff, | } |
| v. | } CASE NO. CV-98-B-0101-S |
| **UNITED STATES OF AMERICA,** | } |
| Defendant. | } |

**ENTERED**
DEC 0 8 1998

## MEMORANDUM OPINION

Currently before the court is the United States of America's ("the government") Motion to Dismiss. Plaintiff Richard Palmedo ("Palmedo") brought this suit alleging defamation, conspiracy to defame, and the tort of outrage/intentional infliction of emotional distress. This action arises out of statements made by Kristen Stricklin ("Stricklin") and other General Services Administration ("GSA") employees in furtherance of her Title VII sexual harassment complaint against the GSA. In its Motion to Dismiss, the government contends, *inter alia*, that this court lacks subject matter jurisdiction over this suit. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the government's motion is due to be granted.

### I. FACTUAL SUMMARY

On July 3, 1996, Kristen Stricklin filed a complaint against David J. Barram, Acting Administrator of the General Services Administration, claiming that she was sexually harassed by her co-worker, Richard Palmedo, while employed by the GSA in Birmingham. (Def.'s Ex. 1). Stricklin alleged that Palmedo made numerous inappropriate comments of a sexual nature and once "push[ed] her up against a partition wall . . . almost tripping her." (*Id.*). She further alleged

that her supervisor, John Davis, refused to punish Palmedo for this conduct, but rather threatened her for pushing the issue. (*Id.*). During the investigation of this claim, Stricklin and other GSA employees provided statements to investigators. (Pl.'s Compl.). Stricklin and the GSA subsequently entered into a settlement agreement and stipulated to a dismissal of the lawsuit with prejudice. (Def.'s Ex. 2,3). After the alleged conduct occurred, but before Stricklin's complaint was filed, Palmedo was transferred from the Birmingham GSA office to the Atlanta GSA office. (Pl.'s Compl.).

On December 18, 1997, Palmedo filed a Complaint in Jefferson County Circuit Court naming GSA employees Stricklin, Russell Deuel, Wendy Sanderson, Felicia Hight, and Betty Stricklin as defendants. (*Id.*). In his Complaint, Palmedo alleges that: 1) Stricklin knowingly published false statements about the plaintiff; 2) all named defendants conspired to defame the plaintiff's character; and 3) all named defendants acted in a manner "so outrageous and extreme as to offend the reasonable person's sense of common decency." (*Id.*). Palmedo did not file an administrative tort claim with regard to this cause of action. (Def.'s Ex. 3).

On January 15, 1997, defendants filed a Notice of Removal citing, 28 U.S.C. § 2679(d)(2), the Federal Tort Claims Act ("FTCA"). Defendants also filed a Notice of Substitution and Application for Order Thereon, whereby defendants requested that the United States of America be substituted as the sole defendant in this action pursuant to the Federal Tort Claims Act. In a Memorandum Opinion and Order dated June 3, 1998, this court granted the Notice of Substitution and Application for Order Thereon and denied plaintiff's Motion to Quash Defendants' Attempt to Remove His State Case to Federal Court. Defendant, United States of America, then filed a Motion to Dismiss on July 17, 1998.

## II. DISCUSSION

In a Memorandum Opinion and Order dated June 3, 1998, this court substituted the United States as a party defendant in place of the federal employees named in the initial Complaint. Once the government was substituted as the sole defendant, this action became one against the sovereign requiring a waiver of sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides a limited waiver of the sovereign immunity of the United States. *Perry v. United States*, 936 F. Supp. 867, 879 (S.D. Ala. 1996). However, Congress limited this waiver of immunity by requiring that an administrative tort claim be filed with the appropriate federal agency before any action may be instituted against the United States. 28 U.S.C. § 2675(a).

Compliance with 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to maintaining a lawsuit against the United States. *Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1989). Thus, a federal court may not exercise jurisdiction over a suit under the FTCA unless the plaintiff first files an administrative claim with the appropriate agency. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Because it is a jurisdictional prerequisite, the filing of an administrative tort claim under the FTCA cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)[1]; *Perry*, 936 F. Supp. at 880. If no such claim is filed with the appropriate administrative agency, a federal district court is without jurisdiction to hear the case, and dismissal for lack of subject matter jurisdiction is mandated. *Suarez*, 22 F.3d at 1065. Palmedo has not filed an administrative tort claim pursuant to the requirements of the FTCA. Therefore, this suit is

---

[1] The Eleventh Circuit has adopted as binding precedent all former Fifth Circuit decisions rendered prior to October 1, 1981 (to the extent they are not superceded by subsequent Eleventh Circuit decisions). *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

due to be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For all of the foregoing reasons, the defendant's Motion to Dismiss is due to be granted. An order granting the defendant's Motion to Dismiss will be entered contemporaneously herewith.

**DONE** this 8th day of December, 1998.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge